At the request of Pendleton, President,
Roane, Judge,
delivered the resolution of the Court, as follows;
*275 In fill's case, two objections have been made to the judgment of the District Court:
1st. That there is a variance between the award and the bond of submission stated in the declaration, the former referring to a bond .dated the 22d of May, 1784, and the declaration, stating the bond in suit to he dated the 25th of , 1784. In support of this objection, the counsel principally relied on the case of Turner v. Moffett, in this Court, reported in 2 Wash. 71. But, that case does not apply; since the variance was apparent on record, against which no averment is admissible; and it was truly observed, by the .attorney General, that that case was distinguishable from the present; which, being a bond for the submission, was a matter in pais, and the supposed variance might be corrected by averment. The declaration states, that the defendant, on the 25th day of , 1784, by obligation, the date whereof is the same day and year, bound himself to the plaintiffs: In the breaches assigned, annexed to the declaration, after reciting the lease to the defendant, and its essential covenants on his part, and that differences had arisen, which the parties had mutually agreed to refer to arbitration, the plaintiffs aver that they entered into a bond, similar to that entered into by the defendant, to abide by the award; and that the defendant, on the same day, t.o wit: the day of , 1784, executed the bond in the declaration mentioned. It is obvious, from the award, that the arbitrators had before them, not Ross’s bond, hut that entered into by the plaintiffs; which they say is dated the 22d of May, 1784. Without going over the several cases cited, the rule laid down, in 1 Ld. Raym. 335, seems to have run through them all; that is, that, if a bond had either none, or an impossible date, the plaintiff may aver any day, which he can prove, the bond to have been delivered on. The present ease is that of no date to the bond; (for, the counsel’s curious criticism, referring the 25th day of something to the day of the year, was calculated only to occasion the mirth it produced.) We consider that, as well as the blank date averment, to be no date: and, of course, there is no variance between that and the true date mentioned in the award; in every oilier thing, in parties, controversy, and arbitrators, they agree. And, on this point, there is no error in the judgment of the District Court.
The second objection is to the award itself. On this point, it was argued by Mr. Wickham, that, under the *276 covenant for quiet enjoyment, the Overtons were the insurers of the property against all accidents; but, surely, that covenant which does not differ essentially from others of a like kind, only obliges the lessor to defend the enjoyment of the lessee against legal claims, and not against a separation of continuity, robbers, thieves, trespasses, or the ice, as was said by the counsel. But, it was argued that where it is apparent in the award, that the arbitrators decided upon principles, in which they were mistaken, either in law or fact, the Court will set aside the award: And that they were so upon the present case; since, it being stated that the mill-house was entirely demolished, by an extraordinary, and unexpected movement of the icé, which Ross had it not in' his power to prevent, they mistook the law, when they awarded that he should pay the rent, and perform his other covenants in the lease, notwithstanding the accident.
For the sake of precedent, the Court first considered how far they ought to interfere with awards, upon this ground; and are of opinion, that they ought not to consider themselyes as an appellate Court from the judgment of the arbitrators, and reverse it, merely because we differ in opinion from them, on a doubtful question ;* but ought to place ourselves in the state of a Court applied to, to grant a new trial, because the verdict is contrary to evidence; which ought to be granted only in case of a plain deviation, and not in a doubtful one, merely because the Court, if on the jury, would have given a different verdict;† since that would be to assume the province of the jury, whom the law has appointed the triers. This rational distinction between plain and doubtful cases, is observed in the books which justify the Courts in setting aside awards for mistaken principles: That this was, at least, a doubtful question, is evinced, not only by the number of counsel employed to discuss it, but from the English decisions on the subject; and on this ground we think the District Court did not err on this second point; at the same time observing, that stating it as a doubtful case, cannot be complained of by the appellant; since, on the merits, it is our present *277 opinion, that the arbitrators did not mistake the law. The judgment is, therefore, affirmed with costs.*

[* Richardson et al. v. Nourse et al. 3 Barn. & Ald. 237.]

[† Carstairs v. Stein, 4 Mau. & Selw. 192, 201. And see Ching v. Ching, 6 Ves. jun. 282; Young v. Walter, 9 Ves. jun. 364; Steff v. Andrews et ux. 2 Maddock’s R. 6; Kleine v. Catara, 2 Gallison, 61, 69; Wood v. Griffith, 1 Swans. 55, as to the conclusive effect of anaward on a point of law submitted.]

[* See Morris, Overton et al. v. Ross, 2 H. & M. 408. S C. on tlie equity side of this Court: In which it was held, that as the case in equity was not dittevent from that at law, on which Moss had been fully beard, the Chancellor's decree giving relief was erroneous 5 and see Pym v. Blackburn, 3 Ves. jun. 34; Holtzapffel v. Baker, 18 Ves. jun. 115; Hare v. Groves, 3 Anstr. 687; Bullock v. Dommitt, 2 Chitty’s R. 608; Pollard v. Shauffer, 1 Dall. 210; Phillips v. Stevens, 16 Mass. R. 238; Fowler et al. v. Bott et al. 6 Mass. R. 63; in support of this opinion.]